United States District Court
Middle District of Florida
Orlando Division

RAQUEL CRUZ,

   *Plaintiff,*

v.                                                    NO. 6:25-cv-1531-PDB

COMMISSIONER OF SOCIAL SECURITY,

   *Defendant.*

## Order

Raquel Cruz moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. 27. She requests $6,052.50 for 24.21 hours of work, including these line items: "Reviewed file and advised client to file federal appeal … BB discussed issues for appeal. **Scheduled time to do IFP affidavit**." (1.80 hours), and "Finish Plaintiff's brief and **file with court**" (7.46 hours). Doc. 27 at 1; Doc. 27-2 (emphasis added).

In ruling on an EAJA motion, a court must decide if the requested fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). Besides demonstrating the reasonableness of rates, the movant must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

"Block billing" occurs when an attorney "lump[s] together all the tasks performed by an attorney on a given day without breaking out the time spent on each task." *Id.* at 429; *accord Smith v. Comm'r of Soc. Sec.*, No. 24-11233, 2025 WL 263388 (11th Cir. Jan. 22, 2025). Block billing prevents a court from determining the amount of time spent on a particular task. *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377–78 (M.D. Fla. 2010). "While attorneys cannot be expected to account for every second of their time, they should be expected to explain in discrete entries the nature of the work that they want a client or opposing party to pay them … to perform." *Id.* at 1378.

Clerical work is usually subsumed in the rate a lawyer already charges. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). Tasks like scheduling and filing are considered clerical and are not compensable as an attorney's fee under the EAJA. *See, e.g.*, *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000).

The motion, Doc. 27, is **denied without prejudice**. Cruz fails to satisfy her burden of showing the reasonableness of the number of hours expended because counsel engaged in block billing and requests fees for time spent performing clerical work. Any renewed motion must be filed by **July 13, 2026**, and must omit block billing and time spent performing clerical work.

**Ordered** in Jacksonville, Florida, on June 29, 2026.

Patricia D. Barksdale
United States Magistrate Judge

2