United States District Court
Middle District of Florida
Orlando Division

**RAQUEL CRUZ,**

***Plaintiff,***

**v.** **NO. 6:25-cv-1531-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

***Defendant.***

---

## Order

The court reversed the Commissioner of Social Security's decision denying Raquel Cruz's applications for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 24, 25. Cruz requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $5,975.50 as an attorney's fee. Doc. 29. The Commissioner has no opposition. Doc. 29 at 5.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested a fee, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstances would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

The first three conditions are satisfied here. Doc. 24 (order of remand entered on March 26, 2026); Doc. 25 (judgment entered on March 26, 2026); Doc. 27 (motion filed on June 24, 2026); Doc. 29-5 (affidavit concerning net

worth when the action began). The Commissioner does not contest the fourth condition. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the fee, the applicant must show that the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). The fee award "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the requested fee is based on 23.9 hours of work performed in 2025 and 2026 by counsel of record, Bradley Boyd. Doc. 29-2; Doc. 29-4 at 2. For Boyd's work, Cruz requests an hourly rate of $250.00. Doc. 29-2; Doc. 29-4 at 2. Though Cruz requests an award of $5,975.**5**0, *see* Doc. 29 at 1, the hours multiplied by the rate equals $5,975.**0**0, as shown in Boyd's invoice, *see* Doc. 29-2. The court will reduce the award to reflect the proper calculation.

The requested rate and claimed hours are reasonable. Based on the court's own knowledge and the information provided about Boyd, *see* Doc. 29-4, the rate is within the prevailing market rates for services provided by lawyers of reasonably comparable skills, experience, and reputation. The increase in the cost of living from 1996 to the time Boyd worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, www.bls.gov/data/inflation_calculator.htm (last visited July 20, 2026). None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See generally* Doc. 29-2.

The court leaves to the Commissioner's discretion whether to accept Cruz's assignment of the EAJA fee, *see* Doc. 29 at 2; Doc. 29-5, after determining whether Cruz owes a federal debt.

The court **grants** the motion in part, Doc. 29; **awards** Cruz $5,975.00 as an attorney's fee; and **directs** the clerk to enter judgment in favor of Raquel Cruz and against the Commissioner of Social Security for $5,975.00 as an attorney's fee.

Future filings must comply with the typography requirements of Local Rule 1.08, which include specific typefaces, bottom-center page numbering (but no numbering necessary on page one), and, generally, a 13-point font.

**Ordered** in Jacksonville, Florida, on July 20, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*